UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 2056

FILED 2008 JUL -7 PM 12:32

CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | ) | Magistrate Case No. |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| **Ramon RUANO-Sandoval AKA: Antonio GOMEZ-Perez** Defendant. | ) | Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |

The undersigned complainant being duly sworn states:

On or about **July 5, 2008**, within the Southern District of California, defendant **Ramon RUANO-Sandoval AKA: Antonio GOMEZ-Perez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 7th DAY OF **JULY, 2008.**

UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

I, United States Customs and Border Protection (CBP) Enforcement Officer Fernando Cerda, declare under penalty of perjury the following to be true and correct:

On **July 5, 2008** at approximately 1:44 AM, **Ramon RUANO-Sandoval AKA: Antonio GOMEZ-Perez (Defendant)** made application for admission into the United States from Mexico at the San Ysidro Port of Entry. Defendant was the driver and sole visible occupant of a black 2004 GMC Envoy. Upon inspection before a Customs and Border Protection (CBP) Officer, Defendant presented a photo-altered United States Passport bearing Defendant's photo with the name Corwin James Jones as his entry document. The Officer noticed the Passport was altered and escorted Defendant and vehicle to secondary for further inspection.

In secondary, a search of the vehicle revealed seven undocumented aliens concealed under a blanket in the rear cargo area of the vehicle. Further investigation revealed all aliens to be citizens of Mexico with no legal documentation to enter the U.S. It was also established that Defendant was a citizen of Mexico with no legal documents to enter the United States. Defendant's fingerprints were obtained and queried utilizing the Integrated Automated Fingerprint Identification System (IAFIS) verifying Defendant's identity and FBI record. Defendant was identified as an illegal alien who had been previously deported from the United States. Defendant was referred to the Prosecution Unit for further processing.

Defendant was advised of his Miranda rights and agreed to answer questions without the benefit of counsel. During a videotaped interview, Defendant declared to be a citizen of Mexico by birth in Yahualica, Jalisco, Mexico, who has no entitlement to entry, passage or residency in the U.S. Defendant also admitted that he has been formally removed from the U.S. on at least two prior occasions with his most recent removal occurring in 2000. Defendant claims he made smuggling arrangements with an unknown alien smuggler in Tijuana. Defendant added that if he would have concealed himself in the cargo area he would have paid $3,000 USD; furthermore, if he drove the vehicle and smuggled the aliens his fee would be waived. Defendant was to deliver the aliens to Los Angeles, California. Defendant was provided with the photo-altered U.S. Passport and the vehicle to affect illegal entry into the U.S. Defendant was destined to Los Angeles, California to seek employment and residency.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico with no legal documents to enter the United States. DACS indicates that on or about October 8, 1991 an Immigration Judge ordered Defendant deported from the United States and Defendant was subsequently removed to Mexico. Documents received from the Law Enforcement Support Center (LSC) reveal Defendant was last deported from the United States to Mexico on or about February 22, 2000. Immigration service records contain no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

**EXECUTED ON THIS 5th DAY OF JULY 2008 AT 12:30 PM.**

______________________________
Fernando Cerda / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of 1 page, I find probable cause to believe that the defendant named therein committed the offense on **July 5, 2008** in violation of Title 8, United States Code, Section 1326.

________________________ 7/5/08
MAGISTRATE JUDGE DATE / TIME